**BEVAN, Ex Parte**
**KOEHRMAN, Ex Parte**
**STRANAHAN, Ex Parte**

Ohio Appeals, 6th Dist, Lucas Co

Nos 2691 to 2693. Decided June 22, 1932

Tracy, Chapman & Welles, Toledo, and Marshall, Melhorn, Marlar & Martin, Toledo, for petitioners.

Fraser, Hiett, Wall & Effler, Toledo, and Baker, Hostetler, Sidlo & Patterson, Cleveland, for respondents.

WILLIAMS, J.

Many reasons are presented why the petitioners should be discharged, and we will discuss these questions in their order.

In the first place it is contended that the questions asked the witness Bevan were not material. In the action brought in the Court of Common Pleas the plaintiff charged certain of the defendants with conspiring to fraudulently acquire the stock of Herman Sielcken in The Woolson Spice Company at a price far below its true value by wrongfully ousting him as president during his temporary stay in Germany and unlawfully causing the stock to be sold. Many of the questions put to the witness Bevan, which he refused to answer, were proper and material, and well calculated

to elicit testimony tending to prove the allegations of the petition, and the books and records required to be produced by the subpoena duces tecum served upon him would undoubtedly, if produced, have a material bearing on the matters under inquiry. This contention is therefore not well-founded.

It is also contended by petitioners that the petition filed in the Common Pleas Court does not state a cause of action and the plaintiff does not have legal, capacity to sue. As to the sufficiency of the petition, that is properly a question for the determination of the court in which the action is pending. However, in our judgment, depositions may be taken as a rule even though the petition does not state a cause of action, for it is not necessary that there should be an existing, as distinguished from a potential, issue of fact. It has even been held that they may be taken while error proceedings are pending in the reviewing court. **Fairchild v Lake Shore Electric Railway Co., 101 Oh St, 261.**

As to the legal capacity of plaintiff to sue, there are numerous authorities to the effect that where a personal representative of the decedent's estate refuses to bring an action for the collection of assets, an heir or devisee may bring the action and make the personal representative a party defendant:

24 C. J., 797, §1981;

11 R. C. L., 262, §297;

See annotations in 22 L. R. A., 458 and 20 Amer. & Eng. Anno. Cases, 96.

The subpoenas duces tecum did not require the production of private and privileged papers, so far as the service discloses, and were not so indefinite that the parties upon whom they were served were justified in entirely ignoring them, nor is it a justification for refusing to obey a subpoena or to give testimony that witnesses are in good health and expect to be present at the trial. **In Re Berger, 13 Oh Ap, 206; affirmed 101 Oh St, 512;**

**14 Ohio Jurisprudence, 10, §5;**

**Mathias v Poe, 20 Court of Appeals Opinions, Sixth District, unreported, 276.**

The evidence adduced on hearing in this court shows that the depositions were being taken in good faith and we can not say that there was any ulterior motive or improper purpose in taking them. §11526, GC, gives either party the right to commence taking testimony by deposition at any time after service upon the defendant, and this right has been recognized by our Supreme Court and no party should be deprived of it without good cause. **In Re Rauh, 65 Oh St, 128.**

The petitioners also make the novel contention that in attempting to punish for contempt the notary exercised judicial power in violation of §1 of Art. IV, §8 of Art. II and §38 of Art. II of the Constitution of Ohio, that §§11510, 11511 and 11512, GC, are unconstitutional, if construed to give the notary power so to adjudicate, that such attempted adjudication being made in the absence of the petitioner, without notice to him, or hearing, and without him being present or represented by counsel, or having opportunity to know of the charge against him, was in violation of the Constitution of Ohio and the 14th amendment to the Constitution of the United States, and that the notary public was disqualified to sit in judgment upon the petitioners by reason of his personal pecuniary interest. It is a complete answer to the contention so made by the petitioners that the notary public, in committing the witness to jail for refusing to answer questions and in issuing an attachment for the witnesses who refused to respond to subpoena, does not exercise judicial power.

**DeCamp v Archibald, 50 Oh St, 618;**

**Benckenstein v Schott, 92 Oh St, 29, 38.**

Marion A. Miller was not served with process and is not a party to the suit, and may never be. In fact, there is no good reason why the cause may not be tried in the Court of Common Pleas without obtaining service on Miller, as he does not seem to be a necessary party. However that may be, depositions may be used against parties who were served with notice and upon trial the depositions may be received against all defendants, if the one not receiving notice of the taking of them waives objection. **Ryan v Conner, 40 Oh St, 368.** At any rate, the plaintiff might properly proceed to take depositions, although Miller had not been served with notice.

Many of the questions raised would, if decided, require this court to anticipate decisions of the Court of Common Pleas. Questions of the sufficiency of pleadings are, in the first instance at least, properly questions for the determination of the court in which the pleadings are filed. We can not decide in advance questions made in the court in which the original action pends, and what has been said is by way of argument only.

We have no hesitancy in reaching the conclusion that the contentions of the petitioners are not well-founded and that the petitions should be dismissed.

Petitions dismissed.

LLOYD and RICHARDS, JJ, concur.